*11-10-05*
*Filed In Open Court*
*1:35 P.M.*

# JURY INSTRUCTIONS
## & Verdict

### *Danny Hopkins*

*v.*

### *Werner Co.*

5:02cv121-R

United States District Court
Western District of Kentucky
Paducah Division

## INSTRUCTION NO. 1

### Introduction

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain the elements, or parts, of the claims in question.

You have two main duties as a juror. The first is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Plaintiff has proven their case against the Defendants by a preponderance of the evidence. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## INSTRUCTION NO. 2

Your answer to any question must be unanimous. That is, all eight (8) members of the jury must agree on any answer to the question and verdict.

INSTRUCTION NO. 3

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to establish that conclusion.

## INSTRUCTION NO. 4

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it all. But you should act reasonably and carefully in making these decisions.

You may consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. Then decide what testimony you believe, and how much weight you think it deserves.

## INSTRUCTION NO. 5

Some of you have taken notes during the trial. An individual juror may use notes to refresh his or her memory of evidence presented at trial, but the notes should not be relied upon as definitive fact or as evidence. Juror notes have no greater weight than memory, and note-aided and non-aided memory are of equal significance. Jurors should not be influenced by another juror's notes.

INSTRUCTION NO. 6

The Plaintiff, Danny Hopkins, claims that the 8' Model 368 Aluminum Step Ladder sold by the Defendant, Werner Company, was defective and unreasonably dangerous because of manufacturing and/or design defects.

In order for the Plaintiff to recover against the Defendant for manufacturing or design defects, you must state whether you are satisfied from the evidence as follows:

1) That the aluminum step ladder, at the time it was manufactured and/or designed by the Defendant, Werner Company, was in a defective condition and that it was thereby unreasonably dangerous for use;

2) That the existence of the defective condition caused such a risk of accidental injury to persons using the ladder or exposed to it while it was in use, such that an ordinary prudent manufacturer and/or designer of similar equipment, being fully aware of such risk, would not have put the ladder on the market in that condition;

AND

3) That such defective condition was a substantial factor in causing the accident.

YES_____     NO____✓____

FOREPERSON _Gary Hite_  DATE _11-10-05_

If "Yes," please proceed to the next instruction. If "No," please return to the Courtroom.

INSTRUCTION NO. 7

The Plaintiff, Danny Hopkins, had a duty to exercise ordinary care for his own safety when using the aluminum step ladder.

"Ordinary care" as used in this instruction means such care as the jury would expect an ordinarily prudent person to exercise under similar circumstances.

If you are satisfied from the evidence that the Plaintiff, Danny Hopkins, failed to comply with this duty, and that such a failure was a substantial factor in causing Plaintiff's injuries, please indicate that by checking "Yes" below. If not, please indicate that by checking "No" below.

YES_____    NO_____


FOREPERSON_____    DATE_____

8

INSTRUCTION NO. 8

If you answered "Yes" in Instruction No. 6, and "Yes" in Instruction No. 7, you will determine from the evidence and indicate in the following blank spaces what percentage (%) of the total fault was attributable to each of the parties as follows:

    Plaintiff, Danny Hopkins: _____%

    Defendant, Werner Co_____%

        TOTAL:             100%

In determining the percentage (%) of fault you should consider both the nature of the conduct of each party at fault and the extent of the casual relation between his conduct and the damages claimed.

FOREPERSON _____   DATE_____

9

INSTRUCTION NO. 9

If you answered "Yes" in Instruction No. 6, you will determine from the evidence and award the Plaintiff, Danny Hopkins, a sum or sums of money that will fairly and reasonably compensate him for such of the following damages that you believe the Plaintiff sustained from his injuries:

a) Medical bills he incurred, and any medical expenses he is reasonably likely to incur in the future

b) Lost wages and income to date

c) Permanent impairment of his power to earn money in the future

d) Mental and physical pain and suffering he has sustained in the past and reasonably likely to endure in the future

If you are satisfied from the evidence that there is a reasonable likelihood that the Plaintiff may suffer future harm as a direct result of his injuries, you may include in your award a reasonable sum for the increased likelihood of future harm.



We, the Jury, award the Plaintiff, Danny Hopkins, the following damages:


a) Medical bills he incurred, and any medical expenses he is reasonably likely to incur in the future: $_____

b) Lost wages and income to date: $_____

c) Permanent impairment of his power to earn money: $_____

d) Mental and physical pain and suffering he has sustained in the past and reasonably likely to endure in the future: $_____

FOREPERSON_____   DATE_____

## INSTRUCTION NO. 10

Upon retiring to the jury room, you will select one of you to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court. You will take these instructions to the jury room, and when you have reached a unanimous agreement, you will have your foreperson fill in, date and sign your answers.

## INSTRUCTION NO. 11

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.